Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon
### Portland Division

| | | |
|---|---|---|
| Wilmore Lee Washington III | ) | Case No. 3:21-cv-333-JR |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) | Jury Trial: *(check one)*  ☑ Yes  ☐ No |
| -v- | ) | |
| Janet Yellen, Secretary, Department of Treasury, Internal Revenue Service; Shelley M. Foster; John Murphy; Christopher Eippert | ) ) ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Wilmore Lee Washington III |
| Street Address | 5322 SW Golden Gate Way |
| City and County | Beaverton, Washington County |
| State and Zip Code | Oregon, 97078 |
| Telephone Number | 602-677-9812 |
| E-mail Address | wwashing2@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 6

Paid - 92293



Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**Defendant No. 1**

| | |
|---|---|
| Name | Janet Yellen |
| Job or Title *(if known)* | Secretary, US Department of Treasury, Internal Revenue Service |
| Street Address | 1500 Pennsylvania Ave., N.W. |
| City and County | Washington |
| State and Zip Code | District of Columbia 20220 |
| Telephone Number | (202) 622-2000 |
| E-mail Address *(if known)* | |

**Defendant No. 2**

| | |
|---|---|
| Name | Shelley M. Foster |
| Job or Title *(if known)* | Internal Revenue Service - Area Director |
| Street Address | 4041 North Central Avenue Suite 112 |
| City and County | Phoenix, Maricopa County |
| State and Zip Code | Arizona 85012 |
| Telephone Number | (602) 636-9199 |
| E-mail Address *(if known)* | Shelley.M.Foster@irs.gov |

**Defendant No. 3**

| | |
|---|---|
| Name | John Murphy |
| Job or Title *(if known)* | Internal Revenue Service - Territory Manager |
| Street Address | 4041 North Central Avenue Suite 112 |
| City and County | Phoenix, Maricopa County |
| State and Zip Code | Arizona 85012 |
| Telephone Number | (602) 636-9199 |
| E-mail Address *(if known)* | John.Murphy@irs.gov |

**Defendant No. 4**

| | |
|---|---|
| Name | Christopher Eippert |
| Job or Title *(if known)* | Internal Revenue Service - Group Manager |
| Street Address | 4041 North Central Avenue Suite 112 |
| City and County | Phoenix, Maricopa County |
| State and Zip Code | Arizona 85012 |
| Telephone Number | (602) 636-9199 |
| E-mail Address *(if known)* | Christopher.Eippert@irs.gov |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**C.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Internal Revenue Service |
| Street Address | 4041 North Central Avenue Suite 112 |
| City and County | Phoenix, Maricopa County |
| State and Zip Code | Arizona 85012 |
| Telephone Number | (602) 636-9199 |

**II.    Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐  Other federal law *(specify the federal law)*:

☐  Relevant state law *(specify, if known)*:

☐  Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes (check all that apply):

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts (specify): Harassment

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
3/3/2017, 3/6/2017, 3/7/2017, 3/29/2017, 5/4/2017, 5/31/2017, 7/27/2017, 8/7/2017, 11/22/2017, 12/29/17

C. I believe that defendant(s) (check one):
- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my (check all that apply and explain):
- ☑ race — African American
- ☑ color — Black
- ☑ gender/sex — Male
- ☐ religion
- ☐ national origin
- ☐ age (year of birth) _____ (only when asserting a claim of age discrimination.)
- ☐ disability or perceived disability (specify disability)
- ☑ Prior EEO Activity Case# IRS-17-0331-F

E. The facts of my case are as follows. Attach additional pages if needed.

> John Murphy, Shelley Foster and Christopher Eippert held me back because of being an African American Male. This case is about how, due to my race, sex and my prior EEO activity against John Murphy for non-promotion, they reduced my appraisal score to Fully Successful from highly competitive Exceeds Fully Successful, to make me ineligible for future promotions. They tried to downgrade me, failed my prior successfully evaluated cases, my rebuttals were ignored, put me in PIP program, denied me opportunities and these activities coincided with progress of non-promotion EEO (race, sex). Chris micromanaged me, made me feel bad for taking time off, highly critical of my work, refused to close cases to create overages. John intentionally targeted due to African American Male, Shelley Foster condoned it.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Equal Employment Opportunity Counselor Feb 16, 2018 and Equal Employment Opportunity Commission was filed 11/23/2018

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)*   12/15/2020   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

This has seriously harmed me, my health, my family relationships, my marriage, and my career. I want to be put in a place as if none of this harassment and retaliation had ever happened. I don't know how to make it disappear. I am seeking counseling and health care to try to work through it. I seek make-whole relief, including compensatory damages (severe emotional distress, harm to reputation, and more) to the statutory limit, and all legal and equitable relief to make me whole, including attorneys fees and costs. I have several expenses due to fighting this case that needs to be reimbursed. Also I would like for the parties directly involved in intentionally harming me to be reprimanded.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 03/03/2021

Signature of Plaintiff: *(signed)*
Printed Name of Plaintiff: Wilmore Lee Washington III

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Wilmore L. Washington, iii, a/k/a
Rigoberto A.,[1]
Complainant,

v.

Steven T. Mnuchin,
Secretary,
Department of the Treasury
(Internal Revenue Service),
Agency.

Request No. 2020005242

Appeal No. 2019001753

Agency No. IRS180161F

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 2019001753 (August 10, 2020). EEOC regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

Complainant worked as an Internal Revenue Agent at the Agency's facility in Phoenix, Arizona. Complainant filed an EEO complaint alleging that the Agency subjected him to harassment in retaliation for his prior protected EEO activity. Complainant alleged that from February through December 2017, management created a retaliatory hostile work environment. Complainant resigned from his position on March 20, 2018.

Our prior appellate decision affirmed the Agency's final decision that concluded that Complainant failed to prove that the Agency subjected him to discrimination or harassment as alleged.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

However, the decision found that the Agency provided Complainant with erroneous information with respect to his constructive discharge claim. The decision ordered the Agency to offer him the opportunity to pursue his claim of constructive discharge as a mixed case complaint appealable to the Merit Systems Protection Board.

In his request for reconsideration, Complainant expresses his disagreement with the previous decision, and presents a detailed timeline as well as numerous documents. We emphasize that a request for reconsideration is not a second appeal to the Commission. See EEO MD-110, Ch. 9, § VII.A. Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 2019001753 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request. The Agency is directed to comply with the Order as set forth below.

## ORDER

To the extent it has not yet done so, the Agency is ordered to take the following action:

Within fifteen (15) calendar days of the date this decision is issued, the Agency shall inquire of Complainant whether he wishes to pursue his claim of constructive discharge.

If Complainant does wish to pursue this claim, the Agency shall process the claim of constructive discharge as a mixed case complaint in accordance with 29 C.F.R. § 1614.302. Documentation establishing that the Agency has conducted this inquiry, and Complainant's response, must be sent to the Compliance Officer as referenced below.

### IMPLEMENTATION OF THE COMMISSION'S DECISION (K0719)

Under 29 C.F.R. § 1614.405(c) and § 1614.502, compliance with the Commission's corrective action is mandatory. Within seven (7) calendar days of the completion of each ordered corrective action, the Agency shall submit via the Federal Sector EEO Portal (FedSEP) supporting documents in the digital format required by the Commission, referencing the compliance docket number under which compliance was being monitored. Once all compliance is complete, the Agency shall submit via FedSEP a final compliance report in the digital format required by the Commission. See 29 C.F.R. § 1614.403(g). The Agency's final report must contain supporting documentation when previously not uploaded, and the Agency must send a copy of all submissions to the Complainant and his/her representative.

If the Agency does not comply with the Commission's order, the Complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a).

3                                              2020005242

The Complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the Complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File a Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). **If the Complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated**. See 29 C.F.R. § 1614.409.

Failure by an agency to either file a compliance report or implement any of the orders set forth in this decision, without good cause shown, may result in the referral of this matter to the Office of Special Counsel pursuant to 29 C.F.R. § 1614.503(f) for enforcement by that agency.

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*/s/ Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

December 15, 2020
Date